Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3069 | **DATE** | December 13, 2011 |
| **CASE TITLE** | Tobias G. Payton (R-10454) vs. Kenlyn Grote, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Dr. Liping Zhang's motion to dismiss [#58] is denied. The court directs her to answer the complaint or otherwise plead within 30 days of the date of this order.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Tobias Payton, an inmate at Stateville Correctional Center (R-10454), filed this 42 U.S.C. § 1983 complaint against eight Defendants: Kenlyn Grote (a nurse at Stateville), Grievance Officer Shaun Bass, former Stateville Warden Frank Shaw, Adjustment Committee Members Johnnie Franklin and Billy Johnson, Correctional Officers Zertino and Margue, and Dr. Liping Zhang (one of Stateville's physicians). By amended complaint, Plaintiff alleges that Nurse Grote refused to give him his prescribed antidepressant medication in May and June of 2009 and that grievance officers, as well as Dr. Zhang, denied Plaintiff's grievances without investigating his complaints of not receiving medication. (R. 12, Amended Compl. at 6-10.) Allegedly, Nurse Grote then retaliated against Plaintiff for filing grievances and issued a false disciplinary report against him, about which Officers Zertino and Margue testified at Plaintiff's disciplinary hearing. (*Id.* at 11.) Disciplinary Hearing Officers Franklin and Johnson allegedly knew that the disciplinary charge was false, but nonetheless found Plaintiff guilty. (*Id.* at 12.)

Currently before this court is a motion to dismiss filed by Defendant Dr. Liping Zhang. (R. 58.) She contends that Plaintiff alleges no personal involvement by her; that Plaintiff does not allege that she failed to prescribe antidepressants; that Plaintiff alleges that she reviewed his grievances; and that she is named as a Defendant only for her supervisory role over Nurse Grote. (*Id.*) For the following reasons, Defendant Zhang's motion to dismiss is denied.

When reviewing a motion to dismiss, this court considers all well pleaded allegations to be true, as well as any inferences reasonably drawn therefrom. Although a complaint need only provide enough information to sufficiently give notice of the claim being alleged and the grounds upon which it rests, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint must also "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). If a plaintiff pleads facts demonstrating that a claim is without merit, a court may dismiss the claim. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Dr. Zhang correctly notes that a § 1983 defendant must be personally involved in the constitutional deprivation being alleged. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *see also Arnett v. Webster*, 658 F.3d 742, 757 (7th Cir. 2011). Plaintiff, however, does not seek to hold Dr. Zhang liable simply as Nurse Grote's superior. Rather, he alleges that he wrote grievances to Dr. Zhang informing her that he was not receiving his medication, but she chose not to investigate his complaints and simply referred to prison records

| STATEMENT |
|---|

to determine whether his medications were administered. (Doc. 29, Pl.'s More Definite Statement at 2.) A supervisory official can be held liable under § 1983 when she "know[s] about the conduct and facilitate[s] it, approve[s] it, condone[s] it, or turn[s] a blind eye" to it. *Arnett*, 658 F.3d at 757. As noted in the court's denial of the other Defendants' motion to dismiss, a prison official can be liable under 42 U.S.C. § 1983 for failing to prevent or remedy a constitutional violation, and a lack of response to a grievance may establish that the official was aware of a violation but failed to act. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir.1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not").

Plaintiff's allegations that Nurse Grote refused to deliver his psychiatric medication for a period of two to three months, that he wrote five grievances about not receiving his psychiatric medication during that time, and that Dr. Zhang, along with Bass and Shaw, refused to investigate the allegations in Plaintiff's grievances to ensure that he was receiving his medication, (R. 9 at 8-10; R. 29 at 2), sufficiently state a claim of deliberate indifference against Dr. Zhang. *See Arnett*, 658 F.3d 742, 753-57 (knowingly denying or delaying a prisoner's access to prescribed medication can constitute deliberate indifference); *see also Vance*, 97 F.3d at 993.

Accordingly, Defendant Dr. Zhang's motion to dismiss is denied. She is directed to answer the complaint or otherwise plead within 30 days of the date of this order.