# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOBIAS PAYTON (R-10454),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENLYN GROTE, *et al.*,<br><br>　　　　　Defendants. | Case No. 10 C 3069<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Tobias Payton (the "Plaintiff"), an Illinois prisoner confined at Stateville Correctional Center, filed this civil rights action against Stateville Correctional Center Nurse Kenlyn Grote, Disciplinary Hearing Officers Johnnie Franklin and Billy Johnson, Officers Sertino and Markee, and Dr. Liping Zhang. Currently before the Court is Dr. Zhang's Motion to Dismiss. She contends that Plaintiff failed to exhaust administrative remedies for his claim against her. After Plaintiff responded, the Court noted that Dr. Zhang's Motion referred to materials outside of Plaintiff's Complaint. The Court notified the parties that the Motion to Dismiss may be converted to a Motion for Summary Judgment and provided Plaintiff additional time to supplement his response, which he did, albeit after the date set by the Court. Construing Dr. Zhang's Motion as one for summary judgment, the Court denies the Motion.

# I. SUMMARY JUDGMENT AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Jajeh v. County of Cook*, 678 F.3d 560, 566 (7th Cir. 2012). When reviewing such a Motion, the Court construes all facts and makes all reasonable inferences in favor of the non-moving party. *Jajeh*, 678 F.3d at 566. Once the moving party demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door County School Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010). With respect to whether Plaintiff exhausted administrative remedies, the court, as opposed to a jury, must make such a determination. *See, Pavey v. Conley*, 544 F.3d 739, 741-42 (7th Cir. 2008). The evidence currently in the record demonstrates that there is still an issue as to whether Plaintiff exhausted available administrative remedies for his claim against Dr. Zhang.

The Prisoner Litigation Reform Act requires that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see also, Woodford v. Ngo,* 548 U.S. 81, 88-89 (2006) Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford,* 548 U.S. at 90 (*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of a prison grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo,* 286 F.3d at 1025; *Dole v. Chandler,* 438 F.3d 804, 809; *see also*, *Woodford v. Ngo,* 548 U.S. at 90. "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905-06 (7th Cir. 2011).

Stateville, like all Illinois prisons, has a three-step grievance process. *See,* 20 Ill. Admin. Code § 504.810, *et. seq.* (detailing IDOC grievance procedure); *see also*, *Dixon v. Page,* 291 F.3d 485, 489 (7th Cir. 2002). A discussion of the entire grievance process is not necessary for Defendant's Summary Judgment Motion. The relevant issue for the instant Motion, as discussed

below, is whether Plaintiff filed any grievance about Dr. Zhang with respect to Plaintiff's claims against her.

## II. <u>DISCUSSION</u>

The following brief discussion of Plaintiff's claims and Dr. Zhang's involvement is provided to better understand her Motion.

Plaintiff is, and was at all times relevant to this case, an inmate at the Stateville Correctional Center. Allegedly, in March or April 2009, problems arose with him receiving his antidepressant medication. (Doc. 9, Amended Compl. at 6.) According to Plaintiff, on one morning, Nurse Kenlyn Grote ("Grote") refused to give Plaintiff his medication unless he got out of his bunk. When he refused, Grote walked away without giving him his medication. *Id.* On the next occasion, Grote again stated she would not give Plaintiff his medication unless he got out of his bunk. Plaintiff again refused. He states that Grote then asked a sergeant to write Plaintiff a ticket for not getting out of his bunk. When the sergeant informed Grote that Plaintiff could receive his medication in his bunk, Grote became irritated and again walked away without giving Plaintiff his medication. *Id.* Plaintiff states that no one came to give him medication several mornings each week. When Grote did come to Plaintiff's area of the prison, she allegedly called out his name in a low tone and walked away before he could respond. *Id.*

Plaintiff alleges he wrote grievances about Grote's behavior and informed the lieutenant nurse for B-House. (Although not relevant for Plaintiff's claims against Dr. Zhang, he alleges that Grote charged him with submitting a false report against her and that she recruited Officers Sertino ("Sertino") and Markee ("Markee") to falsely testify at a disciplinary hearing that they saw Plaintiff refuse his medication. (Doc. 9, Amended Compl. 11-12.) Disciplinary Officers Franklin and Johnson allegedly found Plaintiff guilty even though they knew Sertino and Markee's testimony was false. *Id.* Plaintiff was demoted to C-Grade classification for two months. *Id.* at 8. *Id.* at 6-7. At least one grievance (dated August 10, 2009) was referred to the Health Care Unit. (Doc. 114-2 at 25, Copy of Grievance #1976.) In response to the grievance, Dr. Zhang wrote a memorandum on September 8, 2009, stating that her review of Plaintiff's medical records indicated that he was receiving his medication. (Doc. 114-2 at 24.) Based upon her memorandum, Plaintiff's grievance was denied on September 11, 2009. *Id.* at 23. Plaintiff contends that Dr. Zhang should have investigated his claims further and should have asked Grote about his claims. According to Plaintiff, had Dr. Zhang spoken to Grote, she may have delivered Plaintiff's medication. (Doc. 114-3, Pl. Dep. at 51.)

Plaintiff states in his deposition that he did not know Dr. Zhang's involvement until he saw her September 8, 2009 memorandum.

*Id.* at 49. Dr. Zhang contends that Plaintiff never filed a grievance about her allegedly inadequate investigation of his claims. Dr. Zhang supports this contention by submitting what she purports is Plaintiff's master file containing copies of all of his grievances. (Doc. 114-2 at 13-182) (the grievances attached to Dr. Zhang's Motion appear to have been produced in response to her subpoena for all of Plaintiff's grievances from 2008 to present). Dr. Zhang is correct that, among the grievances she submits, there is none about her inadequate investigation of Plaintiff's claims. *See, id.*

However, Plaintiff states in his deposition that he filed a grievance about Dr. Zhang in September or October 2009. (Doc. 114-3, Pl. Dep. at 47.) He presents no such grievance; but he does present copies of three grievances that are not among those submitted by Dr. Zhang. (Doc. 124 at 7-12, copies of 6/23/09, 7/29/09, 10/7/10 grievances.) While these three grievances do not discuss Dr. Zhang, the fact that three grievances are not included among those submitted with Dr. Zhang's Motion calls into question the completeness of Plaintiff's master file included with her Motion.

Given Plaintiff's deposition testimony that he filed one or more grievances about Dr. Zhang's failure to investigate and that it is unclear if all his grievances during the relevant time period are part of the record, there is a question of fact whether

Plaintiff filed a grievance about Dr. Zhang, a copy of which never made it to his prison master file or this Court's record. This possibility is arguably bolstered by both Plaintiff's propensity to filing grievances and the potential difficulty with keeping track of them.

The Court notes that Dr. Zhang may be correct that only one grievance about Plaintiff not receiving his antidepressant medication was considered at each level of administrative review. (*See* Doc. 114 at ¶ 8, Doc. 114-2 at 17, 24-26, copy of grievance #1976 and responses.) Plaintiff states, however, "there were at four or five other grievances that [he] wrote that they did not respond to." (Doc. 114-3, Pl. Dep. at 46.) An inmate is required to exhaust only those administrative remedies that are "available." 42 U.S.C. § 1997e. Prison officials' failure to respond to a grievance can render administrative remedies unavailable. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002).

In short, Dr. Zhang may have fulfilled her burden of demonstrating the absence of an issue of material fact with the lack of any grievance about her; however, Plaintiff has sufficiently shown a genuinely disputed issue as to whether he filed such a grievance. Considering the current record, summary judgment cannot be granted for Dr. Zhang based upon Plaintiff's failure to exhaust administrative remedies. Dr. Zhang may later raise her failure to exhaust argument if she is able to demonstrate

clearly that Plaintiff submitted no grievance about her.  She may also seek an evidentiary hearing pursuant to *Pavey,* 544 F.3d at 741-42, if she believes such a hearing will resolve the issue.

### III.  CONCLUSION

For the reasons stated herein, Defendant Dr. Liping Zhang's Motion to Dismiss [Doc. 114] is construed as a Motion for Summary Judgment and is denied.  Plaintiff's Motion to Present Evidence [Doc. 124] is granted to the extent that the Court has considered the Motion and the documents attached thereto.  Plaintiff's Motion to Set a Trial Date [Doc. 125] is denied without prejudice.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

Date: September 24, 2013